UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK K.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-6107-BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled contending the ALJ erroneously declined "to admit or consider the medical source statement of [plaintiff's] treating physician, Angelica Bejar, D.O.,because it was submitted fewer than five business days before the administrative hearing." Dkt. 11. The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

Social Security regulations require a claimant to inform the ALJ about or submit any written evidence no later than 5 business days before the date of the hearing (the "five-day rule"). 20 C.F.R. §§ 404.935(a), 416.935(a). If a claimant fails to meet this requirement, the ALJ "may decline to consider or obtain the evidence," unless certain exceptions apply. *Id*. Those

ORDER REVERSING THE COMMISSIONER AND REMANDING - 1

exceptions include an "unusual, unexpected, or unavoidable circumstance beyond your control" that prevented the claimant from timely informing the ALJ about or submitting the evidence, 20 C.F.R. §§ 404.935(b)(3), 416.1435(b)(3), or where the claimant has "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. §§ 404.935(b)(3)(iv), 416.1435(b)(3)(iv). If the claimant misses the deadline due to one of these exceptions, the ALJ "will accept the evidence" if the decision has not yet been issued. 20 C.F.R. §§ 404.935(b), 416.1435(b).

Here, plaintiff provided the ALJ with Dr. Behar's statement on August 31, 2018, three business days before the September 5, 2018 hearing the ALJ conducted. Dkt. 45-46. The ALJ rejected the evidence stating:

> I decline to admit this evidence because the requirements of 20 CFR 404.935(b) and 416.1435(b) are not met. I note that the representative admitted he knew about the five-day rule and would hve to make a showing of good cause to have the late evidence admitted. He was nonetheless, unprepared to do so at the hearing and I denied a request to submit a post-hearing brief on the issue.

Tr. 20. Plaintiff argues the ALJ erred because counsel advised the ALJ about Dr. Behar's statement as soon as he learned of its existence on August 31, 2018. The Commissioner contends the ALJ properly rejected the evidence because plaintiff's counsel knew Dr. Behar might complete the form but failed to timely advise the ALJ about it, and counsel was unprepared to explain to the ALJ why the late form should be admitted. Dkt. 14 at 5.

The record does not support the Commissioner's argument or the ALJ's determination. At the hearing, counsel told the ALJ plaintiff's scheduled appointment with Dr. Behar in early August 2018 was reset to late August because the doctor fell ill; plaintiff was told Dr. Behar was unwilling to fill out the statement; and it was not until August 31, 2018 when Dr. Behar saw plaintiff that the doctor agreed to complete the statement. Tr. 51-52. There is no evidence

contradicting counsel's statement. Thus had Dr. Behar seen plaintiff in early August, as originally scheduled she would have complated the form then rather than on August 31, 2020 when she eventually examined plaintiff. But for the cancelled appointment, plaintiff would have been able to timely submit Dr. Behar's medical statement. But Dr. Behar cancelled due to illness and saw plaintiff on August 31, just three business days before the hearing, and plaintiff submitted it that day, as soon as he could.

Additionally the ALJ's view plaintiff's counsel was "unprepared" to argue the admissibility of Dr. Behar's statement at the hearing is not grounds to reject it. As discussed above, counsel's statements about the late evidence required the ALJ to accept and consider the evidence. Hence that counsel could have been better prepared does not justify rejection of the evidence.

The record also does not show plaintiff knew Dr. Behar might complete the form more than five days before the hearing as the Commissioner suggests. The record instead shows plaintiff was told exactly the opposite—"the doctor was not willing to fill out" the form—and that he did not know until August 31, Dr. Behar was willing to fill it out.

The record thus establishes there was an "unusual, unexpected, or unavoidable circumstance" beyond plainitff's control that prevented him from advising the ALJ about or submitting the evidence earlier. It was not plaintiff's fault the early August appointment with Dr. Behar was cancelled. Rather it was the doctor's illness, an unexpected or unavaoidable circumstance, that caused the delay in submitting the statement. Because plaintiff missed the five-day deadline due to a recognized exception to the five-day rule, the ALJ erred in declining to accept Dr. Behar's statement.

The Commissioner argues even if the ALJ erred the error is harmless because the evidence the ALJ did consider supports the ALJ's decision. Dkt. 14 at 6. The argument fails. Dr. Behar diagnosed plaintiff with chronic low back pain and indicated plaintiff suffered constant low back pain that worsened with walking and sitting for prolonged periods. Dr. Behar noted a 2017 x-rays showed moderate osteoarthritis at T12-L1, a 4 millimeter retrolisthesis, decreased lumbar movement, and pain that radiated into the hip. Tr. 45. The doctor opined plaintif could not perform even sedentary work on a sustained, competitive basis; needed to lie down and elevate his legs during the day due to pain; working would cause his condition to deteriorate; and that he would miss four or more days of work per month due to his pain. Tr. 45-46. If the ALJ adopted Dr. Behar's opinion, the ALJ's non-disability determination would not be supported by substantial evidence. Accordingly as Dr. Behar's opinions undermine the ALJ's determination plaintiff has the residual functional capacity to perform light work, the ALJ's failure to consider the opinion is not harmless, and the case must be remanded for further proceedings.

## CONCLUSION

The Court therefore **REVERSES** the Commisioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall evaluate Dr. Behar's August 31, 2018 opinion and reassess all of the evidence in light of that evaluation; develop the record and redetermine plaintiff's RFC as needed, and proceed to the remaining steps as appropriate. .

DATED this 29th day of June, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

- 4